IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

REGINALD RANDALL JONES.,       )
                                )
                    Plaintiff,  )
                                )
v.                              )   Case No. 09-0601-CV-W-RED
                                )
MICHAEL J. ASTRUE,              )
                                )
                    Defendant.  )

## ORDER

Plaintiff Reginald Randall Jones seeks judicial review of the Commissioner's denial of his request for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI. Plaintiff has exhausted all of his administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge (the "ALJ").[1]

## BACKGROUND

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

## LEGAL STANDARD

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3) (2009); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a *de novo* review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2) (2009); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work

2

that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2009); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he is disabled. If the claimant is not able to perform his past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

## ANALYSIS

Plaintiff argues substantial evidence does not support the ALJ's findings and the ALJ did not use the correct legal standard, pursuant to the Social Security Act, regulations, and case law, in determining Plaintiff was not disabled. Plaintiff asserts the ALJ erred by 1) not fully developing the record, 2) failing to properly evaluate medical evidence, and 3) improperly formulating his RFC and determining he could perform his past relevant work as a Wal-Mart greeter.

**A.     The ALJ considered the combined effect of Plaintiff's impairments and fulfilled his duty to fully develop the record.**

Plaintiff first argues the ALJ erred in not considering the combined effect of his impairments. However, Plaintiff admits the ALJ stated he considered Plaintiff's impairments in combination. Plaintiff complains the ALJ did not explain the combined effect of his impairments. This argument fails because it is sufficient for an ALJ to simply state that he or she considered the combined effect of a claimant's impairments without going into further detail. *See Raney v. Barnhart*, 396 F.3d 1007, 1011 (8th Cir. 2005) (opining the ALJ properly considered the combined effect of the claimaint's impairments because, "[a]fter the ALJ listed all of Raney's physical and mental impairments, he

3

expressly stated he considered Raney's impairments 'individually and in combination,' and based his RFC assessment on 'the combination of [Raney's] impairments.' ").

Plaintiff also claims the ALJ failed to adequately consider his obesity in combination with his other impairments. This argument fails for two reasons. First, Plaintiff did not claim disability as a result of his obesity. Rather, he claimed he was disabled based on hypertension, heart problems, chronic fatigue, and diabetes mellitus. Second, the ALJ complied with the regulations by specifically mentioning Plaintiff's obesity. *See Heino v. Astrue*, 578 F.3d 873, 881 (8th Cir. 2009) (affirming "the ALJ's denial of benefits because the 'ALJ specifically referred to [the claimant's] obesity in evaluating his claim.' ").

Plaintiff next argues the ALJ improperly discounted the severity of his symptoms due to evidence that Plaintiff was noncompliant with his medications. However, there was substantial evidence supporting the ALJ's credibility assessment regarding Plaintiff's noncompliance. The record was riddled with evidence showing Plaintiff did not take all prescribed medications and was even seen throwing away medication. Plaintiff claimed he could not afford medication for his blood pressure. However, the ALJ correctly recognized that Plaintiff was on Medicaid. The ALJ also pointed out that Plaintiff was arrested for trying to fill a forged prescription for an opiate-based medication. Therefore, the ALJ properly found Plaintiff's excuse not credible and that Plaintiff did not comply with his medication regimen.

Plaintiff next argues the ALJ erred in finding that his symptoms were controllable by medication without significant side effects, considering his medication made him sleepy, nauseous, and caused headaches. However, substantial evidence showed those side effects were caused by Plaintiff's high blood pressure, not his medications. The record also showed Plaintiff's high blood

4

pressure was fully controllable with proper medication, but that Plaintiff was noncompliant. The ALJ therefore did not err, considering Plaintiff's sleepiness, nauseousness and headaches were controllable with blood pressure medication. *See Medhaug v. Astrue*, 578 F.3d 805, 813 (8th Cir. 2009) (stating, "An impairment which can be controlled by treatment or medication is not considered disabling.").

Plaintiff next asserts the ALJ should have developed the record on his alleged sleep apnea. The Court first notes that the burden was on Plaintiff to prove he was disabled. 20 C.F.R. § 404.1512(a) (2010). Further, it was only one physician who recommended a sleep study. The ALJ did not err in not ordering a sleep study of Plaintiff because no other physician had required Plaintiff to participate in a sleep study. In sum, the ALJ fulfilled his obligation to develop the record, properly considered Plaintiff's credibility, and considered all of Plaintiff's impairments independently and in combination in formulating Plaintiff's RFC.

**B.     The ALJ properly considered the medical evidence of record.**

Plaintiff asserts the ALJ failed to properly consider the opinion of Craig Lofgreen, M.D. Dr. Lofgreen opined Plaintiff "appear[ed] incapable of working and disabled." Plaintiff complains that the ALJ's opinion does not mention Dr. Lofgreen. However, simply because an ALJ fails to specifically cite evidence does not mean the ALJ did not consider the evidence. *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010). Further, the ALJ was not required to give deference to Dr. Lofgreen's opinion because it was on an issue reserved to the Commissioner. The Eighth Circuit has opined, "A treating physician's opinion that a claimant is disabled or cannot be gainfully employed gets no deference because it invades the province of the Commissioner to make the ultimate disability determination." *House v. Astrue*, 500 F.3d 741, 745 (8th Cir. 2007). Dr.

5

Lofgreen's opinion invades the province of the Commissioner, considering he opined Plaintiff was disabled and appeared incapable of working.

**C.    Substantial evidence supported the ALJ's RFC formulation and finding that Plaintiff could perform his past relevant work.**

Plaintiff lastly argues the ALJ failed to consider the effect of all of Plaintiff's impairments in formulating his RFC and determining he could perform his past work as a Wal-Mart greeter. However, the ALJ incorporated into Plaintiff's RFC all impairments he found credible and Plaintiff points to no credible evidence that would support a more restrictive RFC.

Plaintiff complains there was no evidence showing he could perform light work. However, no medical record contained any restriction showing Plaintiff would be unable to do light work. Plaintiff also asserts the ALJ did not consider that Wal-Mart provided him with an accommodation while working - being able to sit down. The relevant question was whether Plaintiff could perform his past relevant work as it was performed in the national economy, or as he performed it. *See Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996). Considering Plaintiff performed his past work with the accommodation, the ALJ was not required to ignore the accommodation in determining whether Plaintiff was able to perform his past relevant work.

Plaintiff next argues the ALJ should have made explicit findings regarding the physical and mental demands of his past work. The ALJ relied on the vocational expert in finding that Plaintiff's past relevant work as a Wal-Mart greeter was light and unskilled. Plaintiff points to no authority showing that the ALJ's reliance on the vocational expert's testimony was improper. Further, the Court finds it would not be improper to rely on a vocational expert to learn the physical and mental demands of certain work. Therefore, this argument fails.

**CONCLUSION**

For the reasons set forth above, the Court affirms the ALJ's decision.

**IT IS SO ORDERED.**

DATED: January 3, 2011          _/s/ Richard E. Dorr_
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT